

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2007

# TX E Transmission v. Perano

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1720

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"TX E Transmission v. Perano" (2007). *2007 Decisions.* Paper 1255.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1255

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  05-1720

TEXAS EASTERN TRANSMISSION, LP

v.

FRANK T. PERANO, t/d/b/a GSP
Management; RHG PROPERTIES, LLC,

Appellants

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 04-CV-3915
District Judge: The Honorable Mary A. McLaughlin

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 11, 2007

Before: SMITH, NYGAARD, and HANSEN, *Circuit Judges**

(Filed: April 19, 2007)

OPINION

SMITH, *Circuit Judge*.

---

*The Honorable David R. Hansen, Senior United States Circuit Judge for the Court
of Appeals for the Eighth Circuit, sitting by designation.

Frank T. Perano, doing business as GSP Management, and RHG Properties, LLC (hereafter referred to collectively as Perano), appeals the District Court's order granting a preliminary injunction in favor of Texas Eastern Transmission, LP. "[T]he standard governing our review is that accorded to grants or denials of preliminary injunctions, *i.e.,* whether the district court abused its discretion, committed an obvious error in applying the law, or made a clear mistake in considering the proof." *In re Assets of Martin*, 1 F.3d 1351, 1357 (3d Cir. 1993) (citation omitted). We exercise plenary review with regard to questions of law, and conduct clear error review as to the factual determinations. *Id.* For the reasons set forth below, we will affirm.

Perano purchased real estate in Honey Brook Township, Chester County, Pennsylvania, which was subject to an easement held by Texas Eastern for the operation of two parallel natural gas pipelines. A mobile home park is situated on the real estate. During an aerial inspection of its right-of-way, Texas Eastern observed activity at one of the mobile home sites which encroached further into its easement. As a result, Texas Eastern notified Perano by letter that he was prohibited from installing any additional trailers or structures within 25 feet of either of the two pipelines, and that digging within 25 feet of the pipelines was prohibited by state and federal regulations. Perano installed a new, larger mobile home, however, situated five feet closer to the pipeline, leaving a distance of only ten feet between the edge of the home and the 20 inch gas pipeline. Texas Eastern initiated a civil action. It moved for a preliminary injunction which would

2

require the removal of the mobile home and would enjoin further interference with its easement.

After a hearing, the District Court granted the preliminary injunction. It concluded, *inter alia*, that Texas Eastern had demonstrated a likelihood of success in establishing that the width of the right of way, which was not specified in the easement, was 25 feet from either pipeline, and that Texas Eastern had demonstrated irreparable harm if injunctive relief was denied. The Court enjoined Perano from interfering with Texas Eastern's ability to operate the two pipelines, prohibited any excavation or digging without first notifying Texas Eastern, and ordered the removal of the mobile home. Perano appealed.[1]

Perano asserts that the District Court erred by granting the preliminary injunction. He contends that the District Court erred in its determination that 25 feet on either side of the pipeline was the reasonable and necessary width of the easement. Perano also challenges the District's Court's determination that Texas Eastern demonstrated irreparable harm.

Perano's arguments lack merit. The District Court correctly applied Pennsylvania law, which instructs that when the width of an easement is not specified in the grant, "the grantee is given such rights as are necessary for the reasonable and proper enjoyment of

---

[1]The District Court exercised diversity jurisdiction. 28 U.S.C. § 1332. We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1292(a).

3

the thing granted." *Zettlemoyer v. Transcontinental Gas Pipeline Corp.*, 657 A.2d 920, 924 (Pa. 1995). Consistent with *Zettlemoyer*, and based on the testimony of Texas Eastern's employees, the District Court did not err by finding that 25 feet on either side of the pipelines was the reasonable and necessary width for the right of way.

Nor can we fault the District Court for rejecting Perano's argument that Texas Eastern's past use of only 10 or 15 feet of the easement demonstrated that the reasonable and necessary width of the entire easement was only 25 feet in toto. *Zettlemoyer* instructs that the width of an unrestricted grant of an easement cannot be diminished because the grantee fails to immediately use the easement to the fullest extent possible. 657 A.2d at 926.

Finally, Perano's contention that the District Court erred by concluding that Texas Eastern had met its burden of demonstrating irreparable harm is without merit. The District Court, relying on the testimony of Texas Eastern's employees, concluded that the safety concerns posed by a cluttered right of way constituted irreparable harm. There is no basis for disturbing this determination.

We will affirm the order of the District Court granting Texas Eastern's motion for a preliminary injunction.